James J. Schwartz, Esq.
Trial Attorney
Department of Justice
20 Massachusetts Avenue
Washington, D.C. 20001


    Re: <u>Griffin v. Dept. of Veterans Affairs, U.S.D.C., District of Maryland, Case No. WMN 02-1917</u>.

Dear Jamie:

  Last week we discussed that my clients would like to take some discovery in the above-referenced case. You indicated that we might be able conduct discovery in this case informally. The documents we are interested in obtaining are set forth below. The abbreviation ("VA") refers to the Department of Veterans Affairs, any organization within that department, such as the National Cemetery Administration, and its employees, agents and representatives.

1.  The text of all speeches that have been given in national cemeteries within the last five years.

2.  All documents that reflect any granting of permission by VA officials for a speech to be given at a national cemetery within the last five years and the reasons for granting such permission.

3.  The text of all speeches that the VA has refused to allow to be given at national cemeteries within the last ten years.

4.  All documents that reflect the VA's refusals to allow the speech(es) in the preceding category to be given and the reasons for such refusals.

5.  All documents that reflect instances in which the VA has required speakers at a national cemetery to submit their remarks, or a summary thereof, in advance for review by VA officials, and the VA's reasons for so doing.

6.  All documents that pertain to enforcement of 38 U.S.C. § 1.218(a)(14) with respect to speech on VA property within the last ten years. This request includes documents relating to improper conduct caused by speech, <u>e.g.</u> speech that incites disruptive behavior.

7.  All documents that pertain to the VA's denial of permission to hold a service at a national cemetery or on other VA property and the reasons for such denial.

8. All documents that pertain to any enforcement of § 1.218(a)(14) in connection with any Confederate memorial ceremony or service within the last ten years. This request includes enforcement of the regulation for any reason, whether based on speech, conduct or both.

9. All documents that pertain to any decision by the VA **not** to enforce § 1.218(a)(14) with respect to speech on VA property. This request focuses on instances in which the VA considered whether to enforce the regulation and decided not to do so.

10. All documents not called for above that mention or pertain to Patrick J. Griffin, III, the Sons of Confederate Veterans or the Point Lookout Prisoner of War Association.

I'm generally open to any reasonable procedure that minimizes the time and trouble of producing and inspecting the documents. I envision production of the documents at a location convenient to you (and not too life-threatening for me) in Washington. I could come to Washington to inspect the documents and arrange for a copy service to copy the ones we'd like to use. Please let me know after you've conferred with the VA about how long you think you will need to gather the documents. The more lead time you can give me the better the air fare and hotel rates I can get.

I will be sending you a status report on the case. As plaintiffs, we're the ones who should take the laboring oar in informing the court of what we intend to do. I'll try to get this to you today.

Thank you for your cooperation.

Very truly yours,

Michael F. Wright
of Case, Knowlson, Jordan & Wright

cc: Patrick J. Griffin, III
Stephen J. Burgoon, Esq.
Steven H. Aden, Esq.