UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Patrick J. Griffin, III, an individual,<br>14101 Berryville Road<br>Darnestown, Maryland  20874-3517<br><br>Sons of Confederate Veterans,<br>a Mississippi non-profit corporation,<br>R.G. Wilson, Commander-in-Chief,<br>740 Mooresville Pike, Columbia, TN 38401<br><br>Point Lookout Prisoner of War Assn.,<br>A nonprofit unincorporated association,<br>Patricia B. Buck, President,<br>1214 Moyer Road, Newport News, VA 23608-2453<br><br>                Plaintiffs,<br><br>   vs.<br><br>Department of Veterans Affairs,<br>a Department of the United States Government;<br>810 Vermont Avenue, NW<br>Washington, D.C.  20420-0001<br><br>Roger R. Rapp, Director,<br>National Cemetery System,<br>a Division of the Department of Veterans Affairs,<br>an individual, in his official capacity,<br>810 Vermont Avenue, NW<br>Washington, D.C.  20420-0001<br><br>Ken Stoner, Director,<br>Point Lookout Confederate Cemetery,<br>an individual, in her official capacity,<br>5501 Frederick Avenue<br>Baltimore, Maryland  21228,<br><br>                Defendants. | Civil Action No. WMN-02-1917<br><br>SUPPLEMENTAL DECLARATION<br>OF PATRICK J. GRIFFIN, III IN<br>OPPOSITION TO DEFENDANTS'<br>MOTION TO DISMISS OR IN THE<br>ALTERNATIVE FOR SUMMARY<br>JUDGMENT |

*********************************************************************

I, PATRICK J. GRIFFIN, III, declare and say as follows:

1. I am a plaintiff in this action. I submit this declaration in opposition to Defendants' motion to dismiss or in the alternative for summary judgment. I know the matters stated herein of my own personal knowledge and if called as a witness could and would testify competently thereto.

2. In or about mid-March, 2003, I received permission from the Capt. Vincent J. Camalier Camp, Sons of Confederate Veterans ("the Camp") to deliver a speech at the June 14, 2003 Confederate memorial ceremony to be held at Point Lookout Confederate Cemetery ("the Cemetery"). In formulating the content of my remarks, I decided not to include references (which are described in part in ¶ 13 of my Supplemental Declaration filed April 14, 2003) to my prior litigation with the Department of Veterans Affairs ("VA") over display of Confederate flags at the Cemetery. I decided not to include such remarks in my speech to avoid reprisals by the VA. My experience with them in 2002, which I have described in other declarations, led me to believe that the VA would prohibit such remarks.

3. On or about March 23, 2003, I received a letter from the Camp, a true and correct copy of which, signed by me, is attached hereto as Exhibit 1. I signed the letter on April 9, 2003 and returned it to Camp commander Frank Willis. My understanding is that the letter represents an effort to comply with the VA's requirement that a summary of speaker remarks be submitted to the VA for review and censorship by VA officials. Based on the language of the letter it is my understanding that in order to speak at the ceremony, I had to sign the letter. I also understand that the Camp had no choice in this matter, and that it was simply doing what the VA required.

4. In early April, 2003, I submitted proposed remarks to Mr. Willis, who informed

-1-

me that my proposed speech was too long. He said I would be allowed to speak for only three minutes. Accordingly, I prepared a "three-minute speech," a true and correct copy of which is attached hereto as Exhibit 2. My speech is to be delivered on behalf of the SCV, the PLPOW and myself. In mid-April, 2003, Mr. Willis asked me to meet with him and other Camp leaders with respect to my remarks. On the evening of April 17, 2003, I met with Camp officials, including Mr. Willis. My speech included the following remarks (Exhibit 2, page 2):

> We in the SCV and PLPOW support the daily display of the Confederate battle flag to honor Confederate soldiers of all races and backgrounds. Especially in this place [the Cemetery], the flag should fly every day, just as it is doing this morning. Can anyone doubt that policies designed to prohibit us from displaying the Confederate flag on any day are wrong?

5.   In our April 17, 2003 meeting, Mr. Willis and other Camp officials told me that the Camp wishes to continue conducting the ceremony and therefore wishes to avoid any possible conflicts with the VA. For this reason, he and other Camp officials stated, they would not permit me to include the last sentence of the above-quoted paragraph in my remarks. I told the Camp officials that I understood and sympathized with their position and that I was prepared to edit my remarks so that I could deliver my speech. The next day I sent Mr. Willis a revised copy of my remarks, a true and correct copy of which is attached hereto as Exhibit 3. This version of my speech will now be summarized by the Camp and submitted to the VA.

6.   I fully intend to express and listen to criticism of the VA's flag and speech policies at the Cemetery in connection with the Confederate memorial ceremony. Since 1998, I have heard many members of the SCV and PLPOW criticize these polices at the Cemetery, both

at the memorial ceremony and at other times. At the 2001 and 2002 ceremonies, I also heard a great deal of praise from SCV and PLPOW members at the Cemetery for this Court's decision in my litigation with the VA, as well as criticism of the Fourth Circuit's decision. I intend to engage in and hear such criticism and commentary again in 2003. Such expression is almost constant at the Cemetery in connection with the memorial ceremony. I further intend to express praise for the policy of the Sons of Union Veterans of the Civil War ("SUV") and the Confederate Saltier Association ("CSA"), both of which are private groups, for their support of the public display of the Confederate flag. At the ceremony I further intend to join one or more informal groups assembled for purposes of historical discussion, the offering of a prayer or other remarks by one or more members of the group with the others listening. I have no intention of asking the VA for advance permission to engage in such speech.

   7. I also intend to make at least one informal visit to the Cemetery near the time of the memorial ceremony, along with other SCV and PLPOW members. During my visit(s), I intend to engage in group discussion and informal addresses that include criticism of the VA's current flag and speech policies and support for the current policy SUV and other private organizations that have supported public display of the Confederate flag. In connection with my informal visit(s) I also intend to join informal groups assembled for purposes of historical discussion, the offering of a prayer or other remarks by one or more members of the group with the others listening. As I have explained in prior declarations, I have engaged in this kind of speech on many occasions on visits to cemeteries where Confederate dead are buried, including cemeteries controlled by the VA. I have no intention of asking the VA for advance permission to engage in such speech.

-3-

8. I understand that criticism of the current policies of the federal government or private groups is forbidden at the Cemetery. I also understand that the VA's prohibition on "orations or similar conduct" by its terms applies to virtually all speech among groups. I further understand that the VA has objected to "political" remarks by me, and "commentary on current events" by Fr. Anderson, as well as criticism of a state official. Although to my knowledge the VA has not yet fined or arrested anyone for engaging in informal speech, experience has shown that the VA may well begin enforcing a speech restriction it did not enforce previously. An example of this behavior is the VA's permitting the Confederate flag to fly daily at the Cemetery for four years before limiting the display to two days a year. I believe that any time the VA chooses to do so, it may begin "cracking down" on informal speech at the Cemetery. I therefore believe I am faced with the dilemma of either engaging in speech that may lead to my being prosecuted criminally, or succumbing to the prospect of such prosecution and foregoing expression that is important to me.

I declare that the foregoing is true and correct, under penalty of perjury under the laws of the United States of America.

Executed this 29th day of April, 2003, at Darnestown, Maryland.

*Patrick J. Griffin, III*
Patrick J. Griffin, III